Faith A. WORDELL

v.

Henry S. WORDELL.

No. 80–486–Appeal.

Supreme Court of Rhode Island.

Jan. 19, 1984.

Jeremiah R. Leary, Leary & Holland, Tiverton, for plaintiff.

Alfred Factor/Van L. Hayhow, Kirshenbaum & Kirshenbaum, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment entered in the Family Court awarding a divorce to Faith A. Wordell (wife) on the grounds of irreconcilable differences between the parties that have caused the irremedial breakdown of the marriage. The cross-petition for divorce filed by Henry S. Wordell (husband) was denied and dismissed. The court awarded custody of the parties' minor children to the wife with reasonable rights of visitation to the husband. An accompanying order for child support to be paid by the husband was entered by the court. As part of the decision, the court assigned the husband's interest in the marital domicile to the wife.

The basis for the husband's appeal is his contention that the trial justice erred in assigning the husband's interest in said property to the wife. The husband contends that the wife has failed adequately to bear the burden of proof under G.L. 1956 (1981 Reenactment) § 15–5–16.1 and that the justice failed to make the necessary findings under that section to support such an assignment.[1] Further, the husband maintains that the record presented insufficient evidence of the value of the property for the court to make an assignment. The facts pertinent to this appeal are as follows.

The husband and the wife were married April 13, 1963. Based on testimony presented, the court found that the parties have been separated since the end of March 1979 and that there are two children of the marriage. By the interlocutory decree entered on March 7, 1980, the trial justice ordered that all of the husband's right, title, and interest in and to the real property, which comprised the marital domicile owned by the parties and located in the town of Little Compton, be assigned to the wife with the husband conveying his right, title, and interest in said property to the

wife forthwith. The assignment and conveyance included both the land and the buildings. The court further directed that the wife be awarded the use of and the title to the household furnishings and furniture. The propriety of the court's assignment is the major issue raised on appeal.

A subsidiary issue raised by the husband is the insufficiency of the evidence regarding the value of the marital property in order to support the court's order of assignment. At trial, the wife testified in respect to the value of the marital domicile and property consisting of a trailer, a garage, a shed, and eight acres of land. On direct examination the wife testified as follows:

"Q. I'll ask her—what do you think the real estate is worth, Mrs. Wordell?

"A. I really don't know, but I think it's worth a little bit more than—

"Q. How much do you think?

"A. Do I think? I don't know. I think it is worth money, maybe forty-five thousand."

Further on in the proceedings, the husband's testimony regarding the value of the marital property was as follows:

"Q. Now, your wife has requested she be awarded exclusive use of the marital domicile. What would you say the value of the domicile is?

"A. Approximately forty-five thousand.

"Q. That's what, the unimproved land and everything, is that correct?

"A. Yes."

Our equitable distribution statute, § 15–5–16.1, sets forth factors to be considered before a court assigns marital property in a divorce proceeding. These factors are: "(1) the length of the marriage; (2) the conduct of the parties during the marriage; (3) the contribution of each of the parties in the acquisition, preservation, or appreciation in value of their respective estates; and (4) the contribution of either party as a home-

---

1. The pertinent section in effect at the time of this controversy, entitled "Assignment of Property," was G.L. 1956 (1976 Reenactment) § 15–5–16.1, as enacted by P.L. 1979, ch. 279, § 2. Subsequently, the Legislature adopted the 1981 Reenactment of the volume. General Laws 1956 (1981 Reenactment) § 15–5–16.1 is identical to the 1979 statute.

maker." *D'Agostino v. D'Agostino,* R.I., 463 A.2d 200, 201 (1983). This court, in upholding the constitutionality of § 15–5–16.1, recognized that these criteria provide adequate and reasonable guidelines for the courts to follow. Those guidelines require that consideration be given to the nature and quality of the marital assets as well as to each spouse's contribution to the value of the marital property. *Id.* 463 A.2d at 201.

■ · We recognize that property division is based on the joint contribution of the spouses to the marital enterprise and rests on the concept that nonmonetary as well as monetary contributions may enhance the marital partnership. Property division recognizes the essential supportive role played by a spouse who is not employed outside the home, acknowledging that as a homemaker and child-rearer such spouse is entitled to a share of the family assets. Inker, Walsh, & Perocchi, *Alimony and Assignment of Property: The New Statutory Scheme in Massachusetts,* 10 Suffolk U.L.Rev. 1, 11 (1975); *see,* Note, *Equitable Distribution vs. Fixed Rules: Marital Property Reform and the Uniform Marital Property Act,* 23 B.C.L. Rev. 761, 769 (1982) (notion of marriage as partnership).

■ In the case at bar, the trial justice found that the wife had borne her burden of the furtherance of the marriage, raised two children, and occasionally had part-time housekeeping employment outside the home. Therefore, she was entitled to her share of the family assets for both her nonfinancial as well as her modest monetary contributions to the partnership.

■ Under equitable distribution, it is within the trial judge's wide discretion, subject to existing statutory guidelines, to effect a just and fair property division between the parties. Note, *supra* at 761–62. Therefore, the trial justice should follow the legislative guidelines enunciated in § 15–5–16.1 to ensure an equitable division of property. In the case at bar, the trial justice's findings, although not lengthy, were sufficiently definitive to support the property assignment to the wife. The court considered the length of the marriage as well as each party's conduct and contribution to the marriage. The court found that the conduct of the husband in associating with another woman, his excessive drinking, and his failure to observe his marital obligations were a basis for the award of the real estate and the trailer to the wife, subject to her assumption of the outstanding mortgage. We must look at the record to determine whether sufficient evidence of each factor was advanced. The trial justice's findings may not be disturbed unless it is demonstrated that the trial justice was clearly wrong or that he misconceived relevant evidence. *Brierly v. Brierly,* R.I., 431 A.2d 410, 414 (1981). A review of the record discloses neither that the trial justice overlooked relevant evidence on any material issue nor that he was otherwise clearly wrong.

■ The husband challenges the court's reliance upon the wife's testimony about value of the marital-domicile complex. In support of this position, he cites cases that he suggests indicate that only experts may testify concerning the value of real estate. *See, e.g., Aspegren v. Tax Assessors of Newport,* 125 A. 213 (R.I.1924). We recognize that this court in a number of cases involving value of real estate has suggested that such value must be established, wherever feasible, on the basis of comparable sales cited by an expert witness who has laid a prior foundation consisting of the reasons or factors upon which he has relied in arriving at his opinion. *See L'Etoile v. Director of Public Works,* 89 R.I. 394, 402, 153 A.2d 173, 178 (1959). We reaffirm these principles and do not depart from the general rule that value of real estate, whether for purposes of compensation in eminent domain or otherwise, should be established by expert witnesses familiar with values in the locality where the real estate is situated.

■ The weakness of the husband's position in this instance is twofold. First, no objection was raised to the testimony as to

valuation at trial. It is a familiar principle that we do not consider for the first time on appeal objections that were not raised in the trial court. *Phelps v. Bay Street Realty Corp.,* R.I., 425 A.2d 1236, 1239 (1981); *Russell v. Kalian,* R.I., 414 A.2d 462, 465 (1980); *Wickes v. Kofman,* 121 R.I. 698, 703–04, 402 A.2d 591, 594 (1979).

Second, the husband also testified to the value of the marital domicile, and his testimony in regard to value was identical to that of the wife. Both parties suggested that the property taken as a whole would be worth approximately $45,000. Since both parties testified to the same value without objection, we conclude that such testimony had the effect of a stipulation as to value. This testimony, in substance, removed the question of value from the area of controversy. *See Socony-Vacuum Oil Co. v. French,* 88 R.I. 6, 15–16, 143 A.2d 318, 323 (1958). Consequently, in respect to the value of the property to be distributed, no genuinely controverted issue was presented in the trial court or preserved for appeal.

Having concluded that the trial justice did not commit prejudicial error in admitting evidence of value under the peculiar circumstances of this case and that his findings of fact were not clearly wrong, we are of the opinion that the husband has failed to establish grounds for disturbing the decision of the trial justice on appeal. We believe that the trial justice attempted as best he could to divide the property between these parties in light of the quality of the evidence presented to him. It should be noted that the trial justice awarded the marital domicile to the wife in lieu of any alimony and subject to the mortgage indebtedness thereon.

For the reasons stated, the husband's appeal is denied and dismissed and the judgment of the Family Court is affirmed. The papers in the case may be remanded to the Family Court.