**Delia DINO**

v.

**ARKWRIGHT, INC.**

No. 85–394–M.P.

Supreme Court of Rhode Island.

June 8, 1987.

Raul L. Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly Ltd., Providence, for plaintiff.

Vincent F. Kane, Providence, for respondent.

OPINION

KELLEHER, Justice.

In this workers' compensation dispute the petitioner, Delia Dino (Dino), appeals from a decree of an appellate commission of the Workers' Compensation Commission vacating a trial commissioner's decree that granted Dino's petition for benefits pursuant to the occupational-disease portion of our Workers' Compensation Act.

Dino filed a petition for workers' compensation benefits in December 1982, alleging that she had sustained injuries as a result of exposure to chemicals while working as a laboratory technician for the respondent, Arkwright, Inc. (Arkwright). Dino alleged that the chemical exposure caused hives to break out over most of her body.

The matter was pretried before a trial commissioner pursuant to G.L. 1956 (1979 Reenactment) § 28–35–20, as amended by P.L. 1982, ch. 32, art. 1, § 10. The commissioner found that Dino was partially incapacitated as a result of an occupational disease contracted while working at Arkwright. The commissioner further found, however, that only 25 percent of Dino's disability was work related; the rest of her disability was due to an underlying allergic condition. A preliminary-determination decree was entered on February 11, 1983. Said decree contained the pretrial commissioner's findings and an order to Arkwright to pay Dino a proportionate share of benefits.[1] Both parties took issue with the percentage figure reached by the commissioner and filed a claim of hearing.[2]

At the first hearing before the trial commissioner both parties stipulated to the findings contained in the preliminary-determination decree, with the sole exception of the percentage of Dino's incapacity attributable to Arkwright. Dino was the only witness to testify. Her treating physician, Dr. Graham Newstead, a specialist in pe-

---

1. General Laws 1956 (1986 Reenactment) § 28–34–7 provides that when an occupational disease aggravates an underlying noncompensable infirmity, the employer shall pay compensation benefits based on the percentage of incapacity that is work related.

2. Pursuant to Rule 1.3 B of the Workers' Compensation Commission Rules of Practice, any party aggrieved by a decision following a pretrial may claim a full hearing.

diatrics and allergies, testified by way of deposition.

Dino testified that she left her job with Arkwright in December 1982 because she was "breaking out" with hives "all over [her] body." She stated that the hives would appear soon after she entered the laboratory but would disappear as soon as she was outside the laboratory. She further testified that she never had this condition prior to her employment with Arkwright.

Doctor Newstead testified that Dino came to his office in July 1982 and gave a medical history of getting hives while at work but not at any other place. Dino was of the opinion, the doctor stated, that the hives were caused by exposure to various chemicals at work. Doctor Newstead performed allergy testing, including a scratch test using samples of sixteen chemicals Dino supplied. Doctor Newstead testified that the "scratch test revealed a wide variety of allergies to pollens, foods, as well as positive reactions to three of the sixteen chemicals." Relying on the history Dino gave him and the results of the scratch test, Dr. Newstead opined that the chemical exposure caused Dino's hives. He further stated that returning to work and exposure to the chemicals would be injurious to Dino.

On cross-examination Dr. Newstead agreed that any one of the many items Dino was allergic to could have caused the hives. He also conceded that he had never actually observed hives on his patient but noted that hives ordinarily do not leave a residue and that there are no objective tests to determine the presence of hives.

In his decision, the trial commissioner correctly noted that the sole issue presented was the percentage of Dino's disability caused by chemical exposure at Arkwright. The commissioner proceeded to summarize the testimony and went on to find that Dino was partially incapacitated. The decision, however, contains no explicit finding regarding the sole issue presented.

Arkwright appealed the commissioner's decision to an appellate commission, arguing that the testimony of Dr. Newstead did not establish a causal connection between Dino's hives and her work environment and that the trial commissioner failed to set the percentage of disability Arkwright was responsible for.

The appellate commission reversed the trial commissioner, ruling that Dino had failed to prove that she suffered an occupational disease because Dr. Newstead's testimony appeared to be based on speculation about the cause of Dino's condition and not reasonable medical certainty.

In finding that Dino had failed to establish a causal connection between her condition and her work environment, the appellate commission apparently overlooked the stipulation of the parties that Dino suffered from an occupational disease contracted while working at Arkwright that rendered her partially incapacitated. In fact, Arkwright's counsel told the trial commissioner that "we are responsible for a certain portion of her disability." This concession amounts to an admission that removed the issue of causation from the area of controversy. *Wordell v. Wordell,* 470 A.2d 665, 668 (R.I. 1984); *Socony-Vacuum Oil Co. v. French,* 88 R.I. 6, 15–16, 143 A.2d 318, 323 (1958).

Consequently Dino's appeal is sustained, the decree of the appellate commission is vacated, and the case is remanded to the Workers' Compensation Commission for a determination of the percentage of Dino's work related incapacity.