**Carol MAROCCO**

v.

**Michael MAROCCO.**

**No. 89–302–Appeal.**

Supreme Court of Rhode Island.

March 20, 1990.

Domenic Tudino, Providence, for plaintiff.

Robert S. Ciresi, Mary June Ciresi, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before a panel of the Supreme Court pursuant to an order directing both parties to appear and show cause why the appeal of the defendant, Michael Marocco, should not be summarily decided. The defendant appeals from a judgment entered by the Family Court granting the plaintiff's complaint and the defendant's cross-complaint for absolute divorce on the grounds of irreconcilable differences. The defendant takes issue with the trial justice's determination concerning counsel fees, alimony, child support, and equitable distribution of the marital assets. The facts relevant to this dispute are as follows.

The parties were married on May 10, 1970, and lived together at 22 Bishop Road in the town of Johnston, Rhode Island, until August 1987, at which time defendant moved into the home of his parents. There were three children born of the marriage; Michael, Brian, and Rhonda, aged seventeen, fourteen, and six, respectively. The defendant is employed in a management position and earns $40,000 a year with a bonus of $7,000 annually. The plaintiff, Carol Marocco, has been a homemaker throughout the period of the marriage and suffers from an esophageal and digestive problem requiring medication.

After determining that there had been a breakdown of the marriage due to irreconcilable differences, the Family Court justice awarded the parties joint custody of the children and ordered defendant to pay $300 per week for child support, said amount to be diminished by $50 per week when each child finishes high school or turns eighteen years of age, whichever occurs later. The defendant was also ordered to continue paying tuition for his sons, Michael and Brian, at LaSalle Academy. The court awarded plaintiff the marital domicile and all the contents therein, as well as a 1985 Pontiac automobile.[1] The defendant was awarded an IRA valued at $13,500, $29,000 held by defendant's brother upon which the court imposed a trust, and an annuity valued at $31,000.

The trial justice also determined that plaintiff was entitled to rehabilitative alimony because she was unskilled and had subordinated her advancement in any remunerative occupation to her homemaking duties as a wife and mother. Therefore, the court ordered defendant to pay alimony in the amount of $200 per week for three years and $100 per week for the following two years. In addition the trial justice ordered defendant to pay plaintiff's counsel fees, which amounted to $6,000.

The court based these orders on, among other things, defendant's income, his present living condition and needs, and the expenses of maintaining the marital domicile. Believing these awards to be inequitable, defendant filed a notice of appeal on March 17, 1989. We affirm in part and reverse in part.

The defendant argues that the trial justice did not follow the guidelines set forth in G.L.1956 (1988 Reenactment) § 15–5–16.1 in distributing the marital assets. We disagree.

Section 15–5–16.1 requires that the trial justice consider the length of the marriage, the conduct of the parties during the marriage, the contribution of each of the parties in acquisition, preservation, or appreciation in the value of their respective estates, and the contribution and services of

---

**1.** The parties agreed that the home had an equi-

ty value of approximately $159,000.

either party as homemaker in determining the appropriate division of marital property. In the case at bar the trial justice's decision indicates that the award of the marital domicile to plaintiff was based upon "plaintiff's conduct as a wife and mother and considering all of the facts of an eighteen year marriage." It thus appears that the trial justice's decision was in conformity with § 15–5–16.1.

■ The defendant argues, however, that the trial justice did not accord sufficient weight to the fact that all the marital assets were fruits of his financial contribution. We find this argument unpersuasive because we recognize that noneconomic contributions are as essential to a marriage as financial contributions. Therefore, we believe that the trial justice acted well within the dictates of § 15–5–16.1 in dividing the marital property as he did.

■ Next, defendant argues that the trial justice erred in failing to consider the property distribution in determining defendant's ability to pay alimony and counsel fees. General Laws 1956 (1988 Reenactment) Section 15–5–16 authorizes the Family Court to order either of the parties to a divorce proceeding to pay alimony or counsel fees, or both, to the other. In determining the amount of alimony or counsel fees to be paid, the court, after hearing the witnesses of each party, is instructed to consider the length of the marriage; the conduct of the parties during the marriage; the health, age, station, occupation, amount and source of income, vocational skills, and employability of the parties; and the state and the liabilities and needs of each of the parties. Accordingly, in contrast to property-division determinations where the focus is on equitable division of the marital assets independent of the needs of the parties, alimony determinations involve a focus on the economic situation of the parties viewed in light of the financial exigencies of one spouse and the ability of the other spouse to meet those needs. *Fisk v. Fisk,* 477 A.2d 956, 958 (R.I.1984). Thus in determining an appropriate alimony award, it is critical that the trial justice consider the impact of the property distribution upon the financial positions of the parties.

■ Although it is not apparent from the record whether the trial justice considered the property distribution in making the alimony award, given that plaintiff received two-thirds of the marital assets, we believe that the award of $200 per week in alimony was excessive. Having reviewed the record and findings in our supervisory capacity, we believe that the evidence before the trial justice could only justify an award of half that amount. Accordingly we reduce the alimony award to $100 per week for the first three years and $50 per week for the remaining two years.

For similar reasons we believe that the trial justice erred in ordering defendant to pay plaintiff's counsel fees. Under the opinions that have interpreted § 15–5–16, we have continually stated that before a trial justice is warranted in awarding counsel fees, he must find that the spouse charged with payment has a sufficient financial ability to pay such fees and that the spouse who seeks counsel fees is without property available for that purpose. *Casey v. Casey,* 494 A.2d 80, 84 (R.I.1985); *Paradiso v. Paradiso,* 122 R.I. 1, 3–4, 404 A.2d 60, 61 (1979); *Hull v. Hull,* 120 R.I. 77, 81, 384 A.2d 1065, 1067 (1978).

■ In the case at bar the plaintiff was granted the marital domicile, which was valued at $170,000, subject to outstanding mortgages totaling $12,300. We are thus presented with a situation reminiscent of that of *Casey* in which we noted that the net worth of the marital domicile could be used as an available asset to raise funds to defray the expense of counsel fees and therefore vacated that part of a Family Court judgment that ordered the husband to pay such fees incurred by his wife.[2] We find no reason to hold otherwise in this case. Accordingly we vacate that part of the judgment that ordered the defendant to pay the plaintiff's counsel fees.

**2.** In *Casey v. Casey,* 494 A.2d 80 (R.I.1985), the wife was granted the marital domicile, which was valued at $91,500, subject to an outstanding mortgage of $8,200.

For the foregoing reasons the defendant's appeal is denied in part and sustained in part; the judgment appealed from, as it pertains to counsel fees and alimony, is vacated; and the papers of this case are remanded to the Family Court.

KELLEHER and MURRAY, JJ., did not participate.