Margaret R. ALVES

v.

Steve L. ALVES.

No. 93–484–Appeal.

Supreme Court of Rhode Island.

July 8, 1994.

John D. Lynch, Karen M. Lynch, Lynch, Costello & Friel, Warwick, for plaintiff.

Joseph E. Marran, Jr., Marran Law Offices, Pawtucket, for defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court pursuant to an order directing the defendant, Steve L. Alves (the husband), to show cause why his appeal should not be summarily denied and dismissed. The husband appeals from a Family Court decision granting the parties' claims for divorce pending entry of final judgment. The husband argues that the Family Court abused its discretion when distributing the marital property and awarding counsel fees. This court concludes that cause has not been shown regarding the property distribution and affirms the Family Court decision in part, and we reverse in part regarding the award of counsel fees.

■ The husband first contends that absent express statutory authority the Family Court has no discretion to distribute a portion of the state teacher's pension he is presently collecting. This court, however, has previously held such pension benefits are subject to equitable distribution. *See Moran v. Moran,* 612 A.2d 26, 33 (R.I.1992); *see also Furia v. Furia,* 638 A.2d 548, 552–53 (R.I.1994) (holding Family Court may equitably distribute value of state-pension benefits prior to retirement of employee/spouse).

The husband's appeal on this basis is without merit.

■ The husband also appeals four other aspects of the Family Court's distribution of marital property. The husband alleges it was an abuse of discretion to defer the wife's payments to the husband for his share of the marital domicile, to fail to offset the value of the wife's future pension benefits against the payments that she would receive from the husband, to order the husband to reinstate the wife as a beneficiary on the husband's life insurance policy, and to classify as a marital asset a former $3,200 life insurance policy that the husband had cashed out. This court has often stated that equitable distribution of marital assets is within the sound discretion of the trial justice, as guided by Rhode Island's equitable-distribution statute, and the distribution will not be disturbed on appeal absent a showing that the trial justice misconceived relevant evidence or was clearly wrong. *Stevenson v. Stevenson,* 511 A.2d 961, 964 (R.I.1986); *Centazzo v. Centazzo,* 509 A.2d 995, 997 (R.I.1986); *Casey v. Casey,* 494 A.2d 80, 82 (R.I.1985). After reviewing the Family Court decision and the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that the Family Court did not abuse its discretion in equitably distributing the marital assets.

■ The husband's final basis for his appeal is the award of counsel fees to the wife. In its oral decision the Family Court stated, "[a]s regards counsel fees, plaintiff's income is and has been substantially less than defendant's for a protracted period of time. Her reward under equitable distribution is not liquid enough in nature to allow for the payment of counsel fees." The Family Court then mentioned the husband's marital misconduct and stated, "[b]y way of rectifying that misconduct, this defendant will be ordered to pay to plaintiff's counsel * * * $5,000 payable within 90 days."

■ The purpose of awarding counsel fees is to allow a spouse who lacks financial resources to secure competent representation. *Thompson v. Thompson,* 642 A.2d 1160, 1164

(R.I.1994); *Centazzo v. Centazzo,* 556 A.2d 560, 562 (R.I.1989). Prior to awarding counsel fees the trial court must find that the party seeking counsel fees is unable to pay them. *Stevenson,* 511 A.2d at 967 n. 6; *Tarro v. Tarro,* 485 A.2d 558, 564 (R.I.1984). Among other marital assets, the Family Court awarded the wife 65 percent of the marital domicile, which was valued at $100,000 and subject to a mortgage balance of only $2,500. The marital domicile, even though it is a nonliquid asset, is an appropriate asset to consider when determining the ability of a spouse to generate funds to pay counsel fees. *See Thompson,* at 1164; *Casey,* 494 A.2d at 84. Because the Family Court did not properly consider the marital domicile when assessing the wife's ability to pay counsel fees, we reverse that order of the Family Court awarding counsel fees.

For these reasons the husband's appeal is denied in part and sustained in part. The distribution of marital property is affirmed. The award of counsel fees is vacated, and the papers of the case are remanded to the Family Court.

MURRAY, J., did not participate.