**Muriel H. MATURI**

v.

**Harold J. MATURI.**

**No. 97–314–Appeal.**

Supreme Court of Rhode Island.

Oct. 22, 1998.

William J. Lynch, Providence.

John D. Lynch, Providence.

### ORDER

This case came before the court for oral argument, October 6, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Harold J. Maturi (husband) has appealed from a Family Court decision pending entry of final judgment in respect to the distribution of marital assets, the granting of alimony, and an order requiring the husband to pay the wife's counsel fee. Neither party has appealed from the granting of the divorce on the ground of irreconcilable differences.

The trial justice found that the parties had been married since October 24, 1970 and that they had two children, one of whom was a minor at the time of entry of the decision. The trial justice further found that Muriel H. Maturi (Muriel or wife) had been a good wife

and mother and was free of any fault leading to marital discord. He found that the husband had physically assaulted his wife on two occasions and had been engaged in an extra-marital affair prior to the parties' separation. The wife had not been employed during the marriage in accordance with the wishes of her husband. The husband had been gainfully employed earning between $220,000 and $260,000 per year since 1994 as well as other employment benefits.

The trial justice awarded the wife the marital domicile which was valued at $225,-000 and not encumbered by a mortgage. The wife was also awarded a 1996 Chevrolet Tahoe automobile which was valued at approximately $32,000. The remainder of the marital property was divided approximately evenly. The ultimate division resulted in $622,000 worth of assets having been assigned to Muriel and $337,000 having been assigned to the husband. The trial justice also awarded Muriel $4,000 per month alimony until she reaches the age of sixty-five. In making his award of alimony, the trial justice considered the length of the marriage, the conduct of the parties, the ability of the husband to earn future income and the fact that the wife had not been employed for a period of twenty-six years. In distributing the marital assets, the trial justice considered all of the relevant factors set forth in G.L.1956 § 15–5–16.1. We are of the opinion that the award of marital assets and alimony was made within the discretion granted to the trial justice whose findings may not be disturbed unless he was clearly wrong. *Wordell v. Wordell*, 470 A.2d 665, 667 (R.I. 1984). Here the trial justice did not overlook or misconceive material evidence, nor was he otherwise clearly wrong. *Centazzo v. Centazzo*, 509 A.2d 995, 997 (R.I.1986). It should be noted that in the event that Muriel should achieve a greater earning capacity in the future than was contemplated by the trial justice, the husband could avail himself of the remedy of seeking a modification of the alimony order by reason of change of circumstances.

However, in addition the trial justice ordered the husband to pay a counsel fee to Muriel in the sum of $15,000. This court has held that a counsel fee may be awarded only in the event that the party who seeks such fee is unable to pay it from his or her own resources. *Alves v. Alves*, 644 A.2d 1291, 1293 (R.I.1994). In the case at bar, the wife was awarded significant assets including a marital home worth $225,000 without encumbrances. We have held in *Casey v. Casey*, 494 A.2d 80, 84 (R.I.1985) that a martial domicile with significant net worth might well be a source that could be utilized to pay a counsel fee. In *Casey* and in *Alves*, the value of the net worth in the marital domicile was considerably less than the net worth relating to the marital domicile in the case at bar. Consequently, we conclude that the trial justice erred in awarding a counsel fee to Muriel. However, in all other respects, we affirm the decision pending entry of final judgment.

The appeal of the husband is sustained in part and denied in part. With the exception of the award of counsel fee, the decision of the Family Court is affirmed.