Neila A. BLINE

v.

Dennis M. BLINE.

No. 98–26–Appeal.

Supreme Court of Rhode Island.

Dec. 22, 1998.

John D. Lynch, Warwick.

Joseph A. Capineri, Pawtucket.

### ORDER

After a prebriefing conference with counsel for the parties, this case came before this Court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

The defendant, Dennis M. Bline, has appealed from a decision pending entry of final judgment of divorce entered in the Family Court. The defendant challenges the award of rehabilitative alimony to the plaintiff, Neila A. Bline, and the distribution of marital assets. The plaintiff and the defendant were married on November 6, 1976 and had two children. The trial magistrate granted both parties a divorce based upon irreconcilable differences. He awarded joint custody of the minor children to the parties, but gave physical possession to the plaintiff.

In his decision, the Family Court magistrate concluded that defendant was at fault and caused the breakup of the marriage. On the basis of the evidence, the magistrate awarded a distribution of the marital assets with 55 percent to plaintiff and 45 percent to defendant. Additionally, defendant was ordered to pay $150 per week for a period of four years to plaintiff as rehabilitative alimony, and he was ordered to pay $291 per week for the support of the minor children.

The defendant contends that the magistrate erred in awarding the plaintiff 55 percent of the marital assets. He argues that his conduct did not rise to such a level of bad conduct as to reduce his share of the marital assets.

The magistrate, after a thorough examination of the evidence, determined that the statutory factors set forth in G.L. 1956 § 15–5–16.1 entitled plaintiff to receive a greater share of the marital estate. This Court has held that the equitable distribution of marital assets is within the discretion of the trial judge so long as he or she considers the proper statutory factors. *Thompson v. Thompson*, 642 A.2d 1160, 1162 (R.I.1994). Moreover, we shall not undertake a de novo review of the Family Court judge's findings and conclusions of fact. *Id.; Moran v. Moran*, 612 A.2d 26, 33–34 (R.I.1992). "If the trial [judge] did not overlook or misconceive material evidence, and he [or she] considered all the requisite statutory elements, this court will not disturb the trial court's findings." *Thompson*, 642 A.2d at 1162 (citing *Cok v. Cok*, 479 A.2d 1184, 1189 (R.I.1984)).

On the basis of the record before us, we are of the opinion that the Family Court magistrate was not wrong in his findings of fact nor did he abuse his discretion in distributing the marital assets of the parties.

The defendant has also suggested that the award of rehabilitative alimony to the plaintiff was erroneous and not supported by the evidence. He argues that alimony

was ordered without regard to his ability to pay, and contends that with the awards of alimony and child support, he is obligated to pay $169 per week more than his available income.

The magistrate considered the income and needs of each of the parties. He found that defendant had a net weekly income of $934. He noted that with the adjustment of certain expenses, the parties would have additional available income. The magistrate ruled that defendant could claim both children as exemptions, thereby increasing his income to a level to meet his needs.

In *Fricke v. Fricke*, 491 A.2d 990 (R.I. 1985), we stated that in awarding alimony, "[e]arnings [are] but one of a myriad of factors that the trial justice weigh[s] and evaluate[s] * * * [He] also consider[s] the difference in earning power between plaintiff and defendant and weigh[s] defendant's needs and circumstances against plaintiff's ability to pay." *Id.* at 995–96 (quoting *Whited v. Whited*, 478 A.2d 567, 570 (R.I.1984)). In this case, the magistrate was keenly aware of the disparity in the earning capacity between plaintiff and defendant. The master's findings were not erroneous, nor did he fail to consider the statutory factors of § 15–5–16. Therefore, it is our conclusion that the master acted within his discretion in awarding plaintiff rehabilitative alimony.

For the foregoing reasons, we deny and dismiss this appeal and affirm the decision of the Family Court pending entry of final judgment.