**Judith M. ROCHEFORT**

v.

**Roger W. ROCHEFORT.**

**No. 83–10–Appeal.**

Supreme Court of Rhode Island.

June 11, 1985.

Albert J. Lepore, Coia & Lepore, Ltd., Providence, for plaintiff.

Aram P. Jarret, Jr., Woonsocket, for defendant.

OPINION

SHEA, Justice.

This is an appeal by Roger W. Rochefort (husband) from a divorce decree entered in Family Court granting the wife's petition and the husband's cross-petition for divorce based on irreconcilable differences. The husband appeals from that part of the trial justice's decision in which the marital assets were equally divided between the parties. We affirm.

The record below reveals that the parties were married in 1965 and have one child from that union. The wife had two children by a prior marriage, one emancipated, the other deceased.

During fourteen years of marriage, the wife remained at home to assist her husband in the operation of his business, adequately performed the household functions, and satisfactorily carried out child-rearing responsibilities. Moreover, she made substantial contributions from personal funds for improvements and repairs to the marital domicile and for taxes and repairs to their automobile. The marital domicile and automobile, valued at $60,000 and $15,000 respectively, were the marital assets that

the trial justice ordered to be divided equally between the parties.

It is undisputed that in April 1981 the wife left the marital domicile. In addition, evidence strongly suggested that the wife engaged in acts of sexual misconduct for several years prior to her departure from the marital domicile.

On the other hand, there was evidence that the husband was less than a model father or husband. Allegations were made that he was abusive to his daughters, that he installed a lock on the television, that he did not allow them to have milk, that he severely restricted their use of toilet tissue, and that he hid food from his family for his personal consumption. Moreover, even though the husband had been aware of his wife's sexual misconduct for several years, he made no attempt whatsoever to confront her about it. Shortly after his wife had left the marital domicile, the husband entered into a sexual relationship with another woman.

On the basis of this evidence, the trial justice equally divided the value of the marital assets between the two parties. Although he concluded that the wife had been guilty of substantial misconduct during the course of the marriage, in light of the husband's conduct (which he characterized as far below a modicum of husbandly reasonableness), the lengthy fourteen-year marriage, the wife's substantial contributions as homemaker, and her considerable contributions to the marital assets, he deemed such a property assignment to be appropriate. He further found that the conduct of the parties precluded either one from any right to alimony.

On appeal, the husband argues that because the wife's misconduct during the marriage was considerably more serious than his own, the trial justice was not justified in equally dividing the marital assets.

In reviewing a decision of the trial court, this court will not disturb its findings unless it is determined that the court was clearly wrong or that it misconceived relevant evidence. *Wordell v. Wordell,* — R.I. —, —, 470 A.2d 665, 667 (1984). In making such a determination in this case, we must decide whether the trial justice followed the legislative guidelines governing the assignment of property in divorce actions as enunciated in G.L.1956 (1981 Reenactment) § 15–5–16.1. Section 15–5–16.1 provides that the trial justice shall consider four factors: (1) the length of the marriage, (2) the conduct of the parties during the marriage, (3) the contribution of each of the parties in the acquisition, preservation, or appreciation in value of their respective estates, and (4) the contribution and services of either party as a homemaker.

Our review of the record satisfies us that the trial justice scrupulously considered the four factors set forth in § 15–5–16.1 and that there was sufficient evidence of each factor to warrant the property assignment to the parties. We reject the husband's contention that a single statutory factor, the wife's misconduct, should have controlled the trial justice's decision. *See Tarro v. Tarro,* — R.I. —, —, 485 A.2d 558, 561 (1984).

Since the trial justice acted properly with regard to the findings and the evidence, we find that no error has been committed. Therefore, the husband's appeal is denied and dismissed, the judgment of the Family Court is affirmed, and the papers in the case are remanded to the Family Court.