OPINION
MURRAY, Justice.
This is plaintiff’s appeal from a judgment entered in the Family Court on March 29, 1983. Prior to entrance of this judgment, from which the plaintiff presently appeals, we remanded the case to the Family Court (in an order issued by us on June 30, 1982) as a result of the plaintiff's original appeal from a prior judgment entered by the same Family Court justice on February 19, 1981. We affirm the Family Court justice’s judg *1164 ment of March 29, 1983, in that it complies with the instructions delineated in our order of June 30, 1982, as well as with the applicable statutory provisions. The plaintiff’s appeal is therefore denied and dismissed.
The relevant factual history is the following. The plaintiff and defendant were married on September 27,1959. They separated for a short time in April, 1979, reconciled thereafter and separated again although this time, permanently, in September 1979, when the court ordered defendant out of the marital domicile. Such court order was issued primarily as a result of defendant’s violent and abusive treatment of plaintiff which the trial justice found commenced in February of 1979 and concluded on July 14, 1980. The trial justice also found that plaintiff was not at fault. The parties purchased real estate on August 8, 1974, as joint tenants, which they now own as tenants in common.[1] This property consists of land and two dwellings located thereon. The dwellings are a one-family cottage and a two-family tenement. The purchase price for the land and dwellings was $25,000.
The instant appeal involves a dispute concerning the trial justice’s assignment of the marital property described above. In the initial divorce decree of February 19, 1981 (which granted the wife’s petition for an absolute divorce on the grounds of extreme cruelty and also on the grounds of irreconcilable differences) the trial justice stated his belief that an equitable division of the property was in order. The plaintiff, however, sought an assignment of all defendant’s interest (including the equity) in the land and the two buildings. The trial justice directed and ordered defendant to execute a quitclaim deed of his interest in the property to plaintiff upon her deposit of a lump-sum payment in the amount of $7,843.42 with the registry of the court.[2] In the interim, defendant was restrained and enjoined from alienating or encumbering his interest in the real estate as well as from entering upon, causing damage to, or interfering in any way with, the rented premises. Until title vested in plaintiff, she was awarded the exclusive use of the marital domicile along with the rents from the rented premises. The judge stated that, “[t]he assignment of the property shall be in lieu of alimony to the petitioner.”
Subsequent to the entrance of judgment on February 19, 1981, plaintiff appealed to this court, which appeal was sustained, resulting in our remand order of June 30, 1982. In that order, we instructed the trial justice to reconsider the assignment of marital property since we found that in assigning the family residence, the judge failed to take into account the conduct of the husband during the marriage, despite his finding that the husband was guilty of extreme cruelty. We also found fault with the judge’s failure to establish that the wife had the financial ability to provide the requested lump-sum payment of $7,843.42 in exchange for her one-half interest in the real estate (which was given to her “in lieu of alimony.”) Consequently, we concluded that the judge overlooked material considerations that should have guided his determination in making equitable distribution pursuant to G.L. 1956 (1981 Reenactment) § 15-5-16.1. Thus, the case was remanded *1165 to the Family Court for reconsideration of the issue of assignment of the marital real property in light of the conduct of the parties during the marriage (that is, the husband’s misconduct) and other factors relating to the ability of the wife to make a lump-sum payment in return for the husband’s interest (as it would be determined) in the real estate.
Consequently, the trial justice issued the second pertinent order of March 29, 1983 from which the instant appeal was taken. In that order, the trial justice stated that plaintiff had no ability to make a lump-sum payment to defendant in return for defendant’s interest in the real estate. The judge also found that defendant’s bad conduct had really started in February of 1979 and concluded on July 14, 1980, with defendant’s being ordered out of the marital domicile in September of 1979. The judge further found that the assignment of defendant’s ownership interest in the “subject real estate” carried with it an indefinite alimony award equal to $30 a week. Thus, he concluded that the only asset of any real value not assigned to plaintiff was defendant’s equity in the real estate and that such an assignment would be an injustice in this case even in light of the husband’s misconduct which he emphasized had lasted for a limited period of time only.[3] The judge declared that the most equitable distribution would be to reinstate plaintiff’s right to alimony, to award her use and possession of the subject real estate including the dwelling she occupies, the use of the second dwelling for rental purposes, and to award her the rental income therefrom for her support. He concluded that “[i]n this manner, the defendant’s equity in the real estate will remain subject to the plaintiff’s need for support, and an equitable distribution of the subject real estate, when appropriate, can be made by way of future partition.”
Two issues are presented by plaintiff in her present appeal. The first issue is whether the trial justice reconsidered the issue of assignment in addition to a lump-sum payment as mandated by the order of this court of June 30, 1982.
The plaintiff’s argument regarding this issue is that the trial justice ignored both the mandates of our assignment statute as well as the directions in our order of June 30, 1982. We conclude that the trial justice addressed all relevant and necessary factors, outlined in § 15-5-16.1, that went into formulating his decision regarding the equitable division of the real estate. He made the necessary finding regarding the wife’s ability (or inability, as was the case here) to make a lump-sum payment and he addressed the issue of assignment in a thorough fashion (as articulated above), which we find to be completely acceptable.
The second issue presented by plaintiff is “whether the trial justice committed reversible error in revoking his prior assignment of the marital property by taking into consideration the support needs of the parties prior to making said assignment.”
The plaintiff’s argument on this point is that (1) the restoration of alimony to plaintiff presented “an empty cup” since the restoration of alimony in the form of rents amounted to a right she already had by the prior decision and (2) the trial justice was wrong to consider the support needs of the parties in distributing marital assets.
With regard to the first part of plaintiff’s argument, we find that the alimony award is not an illusory award as plaintiff would have us believe. The trial justice specifically addressed this award in his order of March 29, 1983, which stated “The Court further finds that the assignment of the Defendant’s ownership interest in the subject real estate carries with it an alimony award equal to $30. a week.”
*1166 In regard to the second part of plaintiff’s argument, for which counsel cites our decision in D’Agostino v. D’Agostino, — R.I. —, 463 A.2d 200 (1983), as standing for the proposition that the assignment of property does not depend on the needs of a spouse, we find that plaintiff’s reliance on D’Agostino is misplaced in the instant factual situation. It is true that in D’Agostino we stated that the assignment of property does not depend on the needs of a spouse. Id. at —, 463 A.2d at 203. However, that statement was made in the context of a trial justice who erroneously took the “support needs” of the parties into consideration in distributing the marital assets, when such needs should only be considered relative to an alimony award. The trial justice here assigned all but the equity in the marital real property in accordance with the appropriate factors enumerated in the applicable statute. The only asset left to be assigned was defendant’s equitable interest in the real estate, which the judge determined in his wisdom would be unjust to assign at that time, even in light of the husband’s bad conduct. The trial justice here did not take the support needs of the parties into account in making his equitable distribution. However, since he found that (1) the wife required $30 per week in alimony, (2) the husband planned to move to Italy, and (3) he did not intend to provide for his wife’s support, the judge wanted to ensure a source of such payment for the wife’s future. Thus, the judge’s reference to need focused attention on the alimony payment in the division of marital assets. His reference to marital assets related to a source from which the husband’s obligation might ultimately be satisfied in the event that he refused or did not make the required payments. It was only then that the trial justice suggested that the husband’s interest (equity) might be subject to a lien in satisfaction of this indebtedness and that this lien might be implemented and executed in a later partition proceeding.
We conclude that the trial justice addressed and disposed of all of the relevant and necessary factors relating to the assignment of marital property as mandated in our statutes. He also complied in an acceptable fashion with our remand order of June 30, 1982.
For these reasons, the judgment of the Family Court justice is affirmed and the plaintiff’s appeal is denied and dismissed.

. The joint tenancy was severed and converted into a tenancy in common in 1980 as a result of the husband’s conveyance of his one-half interest to his former attorney’s secretary (a "straw”), who retransferred the property to him.

. The trial justice stated in his decision that the reason he was requiring plaintiff to deposit this sum with the registry of this court (which was equivalent to defendant’s equity in the real estate) prior to the entry of the final decree was “in order to protect the minor child from being abandoned in her support by the respondent.” This arrangement was based upon the judge's written finding that the father was moving to Italy and had no intention of supporting his minor daughter. Upon the daughter attaining the age of eighteen, upon emancipation, or death prior to her eighteenth birthday, the judge ordered that "the then unencumbered balance plus interest remaining in the registry of the court shall be paid to the respondent."

. The judge stated that the good conduct of defendant for over nineteen years should not be outweighed by his misconduct that lasted for a much shorter period. This fact, in conjunction with the other factors to be taken into consideration upon assignment pursuant to G.L. 1956 (1981 Reenactment) § 15-5-16.1 led the judge to draw the above conclusion.