Gloria PANCIERA

v.

Donald M. PANCIERA.

No. 83–426–Appeal.

Supreme Court of Rhode Island.

Nov. 21, 1985.

Harold B. Soloveitzik, Westerly, for plaintiff.

Frank S. Cappuccio, Westerly, for defendant.

## OPINION

MURRAY, Justice.

This matter is before this court on appeal from a decree entered in the Family Court granting the petition of Gloria Panciera (wife) and the cross-petition of Donald M. Panciera (husband) for absolute divorce on the grounds of irreconcilable differences. Cross-appeals have been filed by both the wife and the husband. The wife asserts numerous grounds for appeal. The husband cross-appeals from the award of alimony and counsel fees to the wife. We affirm.

This case has a lengthy travel, having been commenced in 1974. The facts pertinent to this appeal are as follows. The parties were married on January 2, 1950. In December 1974 the wife filed a petition for an absolute divorce on the grounds of extreme cruelty. The wife subsequently amended her petition to one for divorce from bed and board on the grounds of gross misbehavior and wickedness. The husband then filed a cross-petition for absolute divorce, alleging irreconcilable differences. The wife subsequently amended her petition to one for absolute divorce. The wife later moved to amend her petition for absolute divorce to allege the additional grounds of extreme cruelty and irreconcilable differences. Although the trial justice reserved decision on this motion, he ultimately treated the wife's petition as one for absolute divorce on the grounds of extreme cruelty, gross misbehavior, and irreconcilable differences.

Numerous hearings on the petitions in these often bitter proceedings were conducted over a several-year period commencing in 1977 and concluding in 1982. In addition, extensive testimony was received by a special master who had been appointed for the purpose of assisting the court in determining the wife's motion for equitable distribution of marital property.

An examination of the record reveals a complex financial situation. The parties' assets include, inter alia, real estate located in Weekapaug and Wakefield, Rhode Island. Also, the husband is sole shareholder of Don Panciera Chevrolet, Inc., an automobile dealership located in Wakefield, Rhode Island.

By interlocutory decree entered on June 1, 1983, the Family Court granted both parties' petitions for absolute divorce on the grounds of irreconcilable differences. Comparative fault being relevant to a determination of alimony, the trial justice found the husband and the wife to be 75 percent and 25 percent, respectively, responsible for the breakdown of the marital relationship.

In distributing marital property, the trial justice awarded all right, title, and interest in and to the stock of Don Panciera Chevro-

let, Inc., to the husband. The husband was also awarded all right, title, and interest in and to the real estate, located in Wakefield, Rhode Island, upon which the automobile dealership is located. Further, the husband was awarded all securities referred to in the master's report and all right, title, and interest in a business known as D & D Realty.

The wife was awarded all right, title, and interest in and to the real property located on Ricci Road, Weekapaug, Rhode Island, specifically plat No. 28, lot Nos. 210–213, 219, and 221. The wife was also awarded all household furnishings. In addition, the husband was ordered to pay to the wife the sum of $50,000 as an assignment of property.

The trial justice ordered the husband to provide the wife with use of an automobile not more than two years old or, in the alternative, to pay her $50 per week.

The court awarded the wife alimony in the amount of $200 per week, payable until $10,000 of the above-mentioned $50,000 property award has been paid. Once $10,000 has been paid and until the balance of the $50,000 has been paid, the husband is to pay alimony in the amount of $100 per week. Alimony payments will cease upon payment of the $50,000. The trial justice also ordered the husband to contribute $2,500 toward the wife's counsel fees.

On appeal to this court, the wife alleges ten errors of law. As basis for his cross-appeal, the husband alleges that the trial justice erred in awarding alimony and counsel fees.

This court has carefully explored each alleged error. We have examined the partial transcripts supplied to us of the hearings below. The partial transcripts of the proceedings before the trial justice consist of fifteen volumes and total 1,168 pages. Transcripts of hearings conducted by the special master total 1,431 pages contained in ten volumes.

After considering each of the issues raised by the parties, we conclude that each allegation of error is without merit. Further, many of the alleged errors involve challenges to the factual determinations made below. It is well settled that a trial court's findings will not be disturbed unless the trial justice has overlooked or misconceived material evidence or is otherwise clearly wrong. *Alix v. Alix*, —— R.I. ——, ——, 497 A.2d 18, 20 (1985); *Rochefort v. Rochefort*, —— R.I. ——, ——, 494 A.2d 92, 93 (1985); *Casey v. Casey*, —— R.I. ——, ——, 494 A.2d 80, 82 (1985); *Wordell v. Wordell*, —— R.I. ——, ——, 470 A.2d 665, 667 (1984). An examination of the record reveals that the trial justice thoroughly and thoughtfully examined the evidence before him and determined the facts based on such evidence.

For the reasons stated, the wife's appeal and the husband's cross-appeal are denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Family Court.

BEVILACQUA, C.J., did not participate.