**Christine J. VAN DUINWYK**

v.

**George P. VAN DUINWYK.**

No. 84–476—Appeal.

Supreme Court of Rhode Island.

June 30, 1986.

Linda Kushner, Providence, for plaintiff.

Kathleen Managhan, Corcoran Peckham & Hayes, Newport, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by Christine J. Van Duinwyk (wife) from a decree of the Family Court granting her petition for divorce on the grounds of irreconcilable differences. The petitioner appeals from that part of the decree making the equitable distribution of the property.

The record discloses the following facts. The parties were married on June 7, 1975, and have no children from the union. During the marriage, the wife was continuously employed as a public-school teacher. In addition to being a tenured art teacher, she possesses a real estate license and invests in real estate. In 1984 her net monthly income from her teaching salary was $1,392. In addition to her regular salary, she earned $1,200 in commissions from her real estate in 1983. The husband was employed intermittently throughout the marriage as a university professor and as a jewelry designer. The earnings of the parties were pooled.

During the marriage, the couple purchased nine parcels of real estate which they improved and then resold at a profit. Each party contributed $1,500 for the first parcel. They paid $15,000 for it, and they contributed equally in the progressive purchase and resale of larger houses.

After 1981, the husband discontinued university employment and assumed self-employed status. He became more actively involved in the reconstruction and rehabilitation of the various properties in which the couple had invested.

Although the couple attempted marital counseling in the hope of salvaging their progressively disintegrating relationship, they separated in December 1982. The wife temporarily moved in with her brother until May 1983. During this period, the wife advanced $4,000 of her own earnings to the husband for improvements on the couple's Farewell Street property.

At the time of their separation, the couple owned property on Immokelee Drive that they bought in October 1982 and served as the marital domicile. They also owned a house on Farewell Street that they had recently purchased in December 1982 and were reconstructing and rehabilitating. They additionally owned four condominium notes, an antique Cadillac, and other items of personalty. The condominium notes originated in Newport real estate acquired by the pair during their marriage. They had converted this property into four condominium units and sold them, retaining mortgage notes on each unit. The antique Cadillac was purchased with joint funds for $3,500. The husband had the auto repainted, outfitted with new tires, and had its generator rebuilt. This rehabilitation cost approximately $2,000.

On February 25, 1983 the wife filed for divorce on grounds of irreconcilable differences and asked for temporary orders. On April 27, 1983 the Family Court in Newport County ordered the following (1) The wife was to transfer all her right, title and interest in the Farewell Street property in Newport into the name of the husband; the husband was ordered to transfer into the name of the wife all his right, title and interest in the Immoklee Drive property in Portsmouth and to vacate the Immokolee Drive property no later than twenty-one days from April 27, 1983, or earlier if possible (2) The wife was ordered to pay to the husband a sum of $622; the husband was ordered to pay the mortgage on the Farewell Street property for the month of April

1983; and commencing in May 1983, the husband assumed responsibility for all the expenses and the mortgage on the Farewell Street property, and the wife assumed responsibility for all expenses and the mortgage on the Immokolee Drive property (3) The wife and husband were restrained and enjoined from alienating or in any way of disposing of or transferring any of the personal property of the parties; they were also ordered to arrange a counseling session to discuss distribution of furniture and fixtures and/or personal property of the parties. The transfers made pursuant to the May 1983 court order were made without prejudice to the parties.

Evidence in the case suggested that the husband had personality disorders that manifested themselves in his inability to get along with coworkers and his wife's family.

Conversely, there was evidence to suggest that the wife's continued association with a former boyfriend after her marriage led to appearances that contributed in part to the breakdown of the marriage.

On the basis of all the evidence, the trial justice made the following equitable distribution of the parties' assets. The wife was awarded title to the Immokolee Drive (marital domicile) property, and the husband has no claim to said property. The husband was awarded title to all the proceeds from his recent sale of the Farewell Street property, and the wife was not entitled to any interest in said proceeds. The court found that the husband and wife were each entitled to one half of all proceeds and principal of the four condominium mortgages held by the parties. The husband was granted title to the Cadillac automobile, and the parties were ordered to divide their personal property if they were able to reach agreement on how to apportion it.[1] In the event that they were unable to reach such an agreement, the property would be sold and the proceeds divided equally. Ali-

1. The court also provided that "any other property that they may have shall remain in the possession of the person who has legal title thereto, except the personal effects." Thus, money in joint bank accounts would be split.

mony was neither requested nor awarded by either party as both parties were self-supporting and had sufficient property.

On appeal petitioner argues that the trial justice acted arbitrarily in granting respondent title to the antique car. She contends that respondent's conduct, not her's, contributed chiefly to the breakdown of the marriage. The petitioner also contends that the court erred in its findings concerning the respective contribution of each of the parties in acquiring, preserving, and increasing the value of the real estate properties in question.

 In this jurisdiction, assignment of property is based not on need but rather on the partnership theory of marriage. Its purpose is to "provide a fair and just assignment of the marital assets." *D'Agostino v. D'Agostino*, 463 A.2d 200, 203 (R.I. 1983). The partnership concept recognizes that noneconomic contributions are as essential to a marriage as the financial contributions. *Id.* The support needs of the parties should only be considered relative to an alimony award and not to an assignment of marital property. *Carnevale v. Carnevale*, 494 A.2d 1179 (R.I.1985). Legislative guidelines governing the assignment of property in divorce actions are enunciated in G.L.1956 (1981 Reenactment) § 15–5–16.-1, as amended by P.L.1982, ch. 403, § 1.[2] The factors considered should be viewed as a whole; it is unnecessary to lend controlling weight to any one factor. *See Rochefort v. Rochefort*, 494 A.2d 92 (R.I.1985) (in light of the length of parties' marriage, contribution of each in acquisition, preservation, or appreciation in value of their respective estates, and contribution and services of wife as homemaker, the trial justice did not err in dividing parties' marital property equally and failing to give controlling weight to wife's misconduct

during marriage). Consequently, the spouse who is not the principal wage earner but who has made other nonmonetary contributions may be granted an award of marital assets. This decision rests within the sound discretion of the trial justice based upon consideration of all factors enumerated under the equitable-distribution statute.[3] *Casey v. Casey*, 494 A.2d 80 (R.I. 1985).

In the instant case, the trial justice found that the parties had many arguments and intense discussions throughout their marriage. Although they entered counseling in an attempt to improve their relationship, it did not alleviate their problems. They were subsequently granted a divorce on the grounds of irreconcilable differences that caused the irremedial breakdown of the marriage. The trial justice found that both parties made financial contributions in acquiring real estate that they improved and later resold at a profit. As the wife's outside employment was steadier than her husband's, her financial contributions exceeded his. However, the husband was found to have made greater contributions in terms of physical labor on the various renovation projects. He did much of the carpentry work on these buildings. During the periods the husband worked full time at Manufacturing Jewelers and Silversmiths, he worked on the condominium projects nights and weekends. During other periods, the husband ceased outside work and did carpentry and other physical work on the couples' properties fulltime. The wife acted as listing agent for the sale of the condominium units and prepared the brochures and artwork to aid in these sales. The wife also spent occasional weekends fixing up the couple's premises.

The husband was found to be solely responsible for the refurbishment of the cou-

**2.** General Laws 1956 (1981 Reenactment) § 15–5–16.1, as amended by P.L.1982, ch. 403, § 1 enumerates four factors to be considered by the trial justice in dividing up the marital estate upon divorce: "[1] the length of the marriage, [2] the conduct of the parties during the marriage, and [3] the contribution of each of the

parties in the acquisition, preservation, or appreciation in value of their respective estates, and [4] the contribution and services of either party as a homemaker."

**3.** *See* note 2, *supra,* and accompanying text.

**978**

ple's jointly purchased antique automobile. He had the car painted, and outfitted it with new tires. He had the generator rebuilt and had the interior of the car cleaned out. Based upon these findings, the trial justice determined that it was just and equitable to award the vehicle to the husband. The trial justice granted the wife all right and interest in the Immokolee Drive property and the husband all right and interest in the proceeds to the Farewell Street property. Each party was granted 50 percent interest in the condominium notes, and the remaining properties were to be split between them.

It is a well-settled principle that in reviewing a decision of the trial justice, this court will not disturb findings unless it is determined that the trial justice was clearly wrong or that he or she misconceived relevant evidence with respect to a material issue. *Wordell v. Wordell,* 470 A.2d 665, 667 (R.I.1984) (citing *Brierly v. Brierly,* 431 A.2d 410, 414 (R.I.1981)). The same reasoning applies to the inferences drawn by a trial justice as well as to the credibility and weight that a trial justice attaches to the testimony of those presented as witnesses. *In re Randy B.,* 486 A.2d 1071, 1073 (R.I.1985). A review of the record in this case satisfies us that the trial justice conscientiously evaluated the factors as required by law and that there was sufficient evidence on each count to warrant the property assignment to the parties.

We accordingly find that no error has been committed. The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Family Court.