**William Harding PERREAULT**

v.

**Sylvia Ann PERREAULT.**

**No. 86–481 Appeal.**

Supreme Court of Rhode Island.

April 21, 1988.

John D. Lynch, Lynch, McKiernan & Costello, Warwick, for plaintiff.

Amy Tabor, Pawtucket, for defendant.

OPINION

MURRAY, Justice.

This is an appeal from a judgment of the Family Court awarding a divorce to the husband and the wife on the grounds that irreconcilable differences have caused the irremediable breakdown of the marriage. The plaintiff husband appeals, citing as reversible error that the trial justice ordered the husband to maintain life insurance on behalf of children who have reached age eighteen, awarded the marital domicile to the wife subject to a lien in favor of the husband of $7,500, and ordered the husband to pay alimony to the wife until her death or remarriage. The defendant wife cross-appeals, asserting that the trial justice abused his discretion in awarding her insufficient alimony and in ordering the husband to pay only a portion of the wife's attorney's fees. We affirm in part and reverse in part.

The facts are set forth briefly below. The parties lived together as husband and wife for some twenty years before the husband moved out of the marital domicile. At the time of trial the husband was forty-three years old and the wife was forty-two years old. Three sons were born of their union. All three have reached majority. The husband was employed in various capacities as a laborer throughout most of the marriage. He earned $45,000 in 1985, although he reduced his income shortly before the divorce proceeding by working fewer hours.

Over the years the wife was highly industrious. She worked as a clerk typist until the fifth month of her first pregnancy. Her savings, along with a $2,000 gift from her grandmother, provided the down payment on the parties' home. While the children were young the wife performed all the time-consuming chores associated with raising three children and running a household. She also took in ironing and babysat to generate additional income. Once her children reached school age, she worked part-time as a housecleaner and receptionist until she was felled by a stroke. After the wife partially recovered, she worked

part-time in the morning as a secretary, returning home in time for the children's return from school.

The court received detailed evidence with regard to the health of both parties. The husband's health is moderately good. He has high blood pressure which is controlled by medication. In contrast, the wife suffers from a variety of serious ailments. In addition to having had a stroke she has rheumatic heart disease. As a result of the stroke she has poor vision in her left eye and weakness in the right side of her body. She has had heart valves replaced twice. She takes medication for atrial fibrillation. The husband's own expert witness, a cardiologist, concluded that the wife was totally disabled.

At the time of trial the wife worked part-time in a home for the elderly in order to support herself. She was required to climb stairs, do and carry laundry, wash dishes and help fourteen or fifteen patients to get in and out of bed. Her physician considered her work more strenuous than she could safely perform and recommended that she reduce the number of hours worked. Her net weekly earnings from this endeavor was $120. The trial court found her total income requirements to be $300.

At the same time the wife was performing menial physical labor in a senior-care facility, the husband was living rent free with another woman. Both he and his new paramour refused to answer when asked if they had engaged in sexual relations. The wife testified that the husband confronted her with this new relationship before leaving the marital domicile. He refused marital counseling, telling the wife that it was she who was crazy, not he. He also told his wife that she did not have long to live.

The trial justice awarded the marital domicile to the wife subject to an interest-free lien of $7,500, representing the husband's equitable interest in the property. Against this $7,500 lien was set off $1,800 in support arrearages. The wife was allowed to keep her IRA, containing a few hundred dollars. The trial justice awarded the husband an undivided interest in his pension. Although the trial justice found the pension to have no present value, we note that the husband refused to supply information regarding the valuation thereof. The husband was ordered to make his union benefits available to the wife and to maintain her as beneficiary on his life insurance for at least ten years. The husband was also directed to name his children as contingent beneficiaries. The husband was awarded certain tangible personal property. The trial justice directed the husband to pay the wife alimony of $150 per week until her death or remarriage and ordered the husband to pay $1,500 of the wife's attorney's fees. This appeal followed.

■ In reviewing the findings of a trial court, it is not our function to arrive at de novo findings and conclusions of fact based upon the evidence presented at trial. Findings by the trial justice will not be disturbed unless the trial justice misconceived relevant evidence or was otherwise clearly wrong. *Casey v. Casey*, 494 A.2d 80, 82 (R.I.1985).

■ The trial justice ordered the husband to maintain his children as contingent beneficiaries on his life insurance. It is undisputed by the parties that each of the children has passed his eighteenth birthday. At the time the trial justice rendered his decision the youngest child was about to be graduated from high school. General Laws 1956 (1981 Reenactment) § 15–5–16.2, as amended by P.L. 1984, ch. 281, § 2, provides in pertinent part:

"The court may, if in its discretion it deems it necessary or advisable, order child support and education costs for children attending high school *at the time of their eighteenth birthday and for ninety (90) days after graduation,* but in no case beyond their nineteenth birthday." (Emphasis added.)

We conclude that the trial justice committed reversible error in ordering that the children be maintained as contingent beneficiaries. The record contains no findings of fact sufficient to justify such order pursuant to § 15–5–16.2

In Rhode Island the distribution of property is predicated upon the theory of joint contribution to a marital partnership. *D'Agostino v. D'Agostino*, 463 A.2d 200, 203 (R.I.1983). Assets are to be divided equitably, though not necessarily equally, predicated upon certain factors set forth in § 15–5–16.1, as amended by P.L. 1982, ch. 403, § 1. The partnership concept recognizes the economic and noneconomic contributions that are made by a "homemaker spouse." 463 A.2d at 203.

The trial justice assigned the marital domicile to the wife subject to a non-interest bearing lien due in five years in favor of the husband. We affirm this exercise of discretion by the trial justice because he made the assignment only after carefully weighing all the factors set forth in § 15–5–16.1. The trial justice considered the *length of the marriage, the conduct of the parties*, the contribution of each with regard to the acquisition, preservation or appreciation in value of the respective estates and the contribution of services by the wife as homemaker. *Whited v. Whited*, 478 A.2d 567 (R.I.1984). Because we find that the trial justice did not misconceive relevant evidence and was not otherwise clearly wrong we uphold his award of the marital domicile to the wife.

The trial justice awarded the wife alimony of $150 per week until her death or remarriage. Both parties appeal from this award. The husband asserts that our prior holdings militate against an award that is permanent in nature. The wife asserts that the trial justice abused his discretion in awarding her an amount insufficient to satisfy her minimum required-income need of $300 per week. We affirm the holding of the trial justice with regard to alimony.

At the outset we note that the trial justice complied with the mandate of § 15–5–16.1 in making an equitable assignment of property before determining that an award of permanent alimony was appropriate in this matter. We observe that the marital domicile is not a liquid asset and is thus unavailable as a source of income. *Tarro v. Tarro*, 485 A.2d 558, 564 (R.I. 1984). *But see Casey v. Casey*, 494 A.2d at

84. Section 15–5–16, as amended by P.L. 1984, ch. 79, § 1, requires that the trial justice consider several factors in determining the amount and duration of any alimony to be awarded. Among the factors the court must consider are the length of the marriage, the conduct of the parties during the marriage, the health, age, station in life, occupation, amount and source of income, vocational skills and employability of the parties. In making the award to the wife the trial justice adequately considered each of the above factors.

The parties were married for more than twenty years before the husband chose to depart for greener pastures. During the marriage the wife comported herself admirably, toiling long hours despite grave illnesses. The court somewhat charitably found the husband to be industrious. Certainly the husband's conduct does not militate against an award. The trial justice correctly noted that the wife suffers from various serious illnesses. Even though the wife is relatively young, her poor health and undeveloped skills make it highly unlikely that her earnings will dramatically increase. As noted earlier, her physician strongly urges that the wife work less, not more.

In the past we stated that we viewed the purpose of alimony to be rehabilitative in nature. *Stevenson v. Stevenson*, 511 A.2d 961, 967 (R.I.1986); *Casey v. Casey*, 494 A.2d at 83; *D'Agostino v. D'Agostino*, 463 A.2d at 202. Those cases considered different factual circumstances from those we consider today. Nothing contained in the statute or our prior holdings is to be construed as precluding an award of open-ended alimony in a proper situation.

In the instant case the following considerations mandate an open-ended award of alimony. The marriage was of long duration, the health of the wife is poor, she lacks marketable skills and she has insufficient liquid assets with which to generate an income. The aforementioned criteria are not exhaustive. The trial justice is required to consider all the factors enumerated in § 15–5–16, having previously made a distributive award, if appropri-

ate, pursuant to § 15–5–16.1. To reiterate, the purpose of alimony is rehabilitative in nature. That said, a trial justice clearly has the power to make an award of open-ended alimony pursuant to § 15–5–16, as long as he properly considers all the factors set forth in that statute.

The wife asserts that the trial justice abused his discretion in awarding her alimony in an amount less than she requires, in view of the fact that the husband has sufficient income to fulfill those needs. Although we might agree with her contention were we hearing the matter below, we find the award to be well within the discretion of the trial justice. Thus we decline to disturb the award. Cf. *Casey v. Casey*, 494 A.2d at 83–84. We note, however, that both parties are free to petition the Family Court for an adjustment in alimony in the event that there occurs a substantial change in circumstances. Thus if the wife should experience a vast increase in her income the court might be warranted in considering a reduction in alimony. By the same token, should the wife experience a serious deterioration in her physical condition, she is likewise free to petition the Family Court for an increase in alimony. Any finding of a substantial change in circumstances must be made in accordance with § 15–5–16.

The wife asserts that the trial justice abused his discretion in requiring the husband to pay only a portion of her attorney's fees. We have previously noted that in determining whether an award of attorney's fees is appropriate, the trial justice applies the same criteria as those set forth in § 15–5–16 for an award of alimony. *Stevenson v. Stevenson*, 511 A.2d at 967. Before the trial justice is warranted in making an award he must find that the husband has sufficient ability to pay such fees and that the wife has insufficient assets available for that purpose. *Tarro v. Tarro*, 485 A.2d at 564. We have previously noted that the marital domicile is nonliquid. Thus it is unavailable as a source of payment. *Id.* Our review of the record reveals that the trial justice did not abuse his discretion in making only a partial award with regard to attorney's fees. While it was within the discretion of the trial justice to grant additional fees, we cannot say that he abused his discretion in allowing only a partial award.

We have considered the parties' other assignments of error and find them to be without merit.

Accordingly, the husband's appeal is sustained in part and denied in part. The order, insofar as it required the husband to maintain his children as contingent beneficiaries on his life insurance, is vacated. In all other respects the judgment is affirmed as it relates to the husband. The appeal by the wife is denied and dismissed. The case is remanded to the Family Court for entry of judgment in accordance with this opinion.