### Joan M. WROBLESKI

v.

### Daniel E. WROBLESKI.

### No. 93–174–Appeal.

Supreme Court of Rhode Island.

Feb. 2, 1995.

Robert S. Parker, Jerry L. McIntyre, Skolnik, McIntyre & Tate Esqs., Ltd., Providence, for plaintiff.

Karen M. Lynch, John D. Lynch, Lynch, Costello & Friel, Warwick, for defendant.

### OPINION

MURRAY, Justice.

 This is an appeal from an order entered by the Family Court in which the trial judge granted the wife's petition and the husband's counterclaim for an absolute divorce based upon irreconcilable differences that had caused the irremediable breakdown of the marriage. The husband appeals from the trial judge's award of alimony to the wife. We affirm.

The facts relevant to this appeal as found by the trial judge are as follows. Joan M. and Daniel E. Wrobleski were married in Massachusetts on June 20, 1970. They have one child, Amanda, born November 14, 1981. At the time of the trial both parties were forty-six years old. Joan holds both an undergraduate and master's degree in education. Daniel is a highly successful surgeon. Indeed, at the time of the trial, he was the

only board-certified colon and rectal surgeon in Rhode Island. During the course of the parties' twenty-two year marriage, they moved from state to state in furtherance of Daniel's education and subsequent career. As a result, Joan's career in education took second place and was therefore not developed. The record indicates that she worked conscientiously throughout the early years of the marriage to enable Daniel to complete his education and training. At times, she worked numerous jobs to help support the family. When they moved to Rhode Island in 1976, Joan couldn't find a full-time teaching position so she substituted for some time. She at all times performed the duties of a homemaker. In 1979 the parties moved to Massachusetts and Joan, unable to find a teaching job, worked for a private investor until several months after the parties moved back to Rhode Island in 1980. Joan last worked full-time in Daniel's office during 1981 and early in 1982. Later, the parties agreed that Joan would stay at home to care for Amanda. As Daniel's practice grew, Joan undertook more and more responsibility for the care of their daughter and the maintenance of the family home. Although the parties enjoyed the fruits of Daniel's success, Joan grew exceedingly unhappy with his infrequent involvement in the home. This condition became especially problematic after Amanda's arrival. Over time, Daniel began to show the strain of his stressful professional and private life. He developed an alcohol problem, experienced emotional instability and had an extramarital affair. Daniel began to withdraw from the marital relationship. He spent his time at work or out socially away from his family. The parties' inability to communicate left them struggling to find a way to save their marriage.

The trial judge found as a fact that at the time of the trial Daniel's gross annual income was $718,000; Joan's annual income capacity as a substitute teacher was $9,000. However, if and when she became certified in Rhode Island her annual income capacity would be approximately $40,000. The trial judge found that Joan and Amanda's needs were $126,000 per year. The record reveals that Daniel had at least $350,000 in net earnings over and above his current needs.

The trial judge awarded Joan sixty percent of the marital assets which he found to be valued at $2,173,124.56 at the time of trial. This award included all right, title and interest in the marital domicile. Daniel was awarded forty percent of the marital assets, including all right, title and interest in his office condominium and medical practice. The trial judge further found that Joan was entitled to an award of alimony in the amount of $5,000 per month for a period of five years and thereafter the sum of $2,000 per month until further order of the Family Court. Daniel appeals from the trial judge's award of alimony.

Daniel asserts that the trial judge erred in awarding Joan alimony in addition to her share of the equitable-distribution award. It is Daniel's contention that alimony was not warranted since Joan was awarded assets valued in excess of $1.3 million and she possesses sufficient earning ability as a teacher. Thus, Daniel asserts, she is not in need of rehabilitation.

■ General Laws 1956 (1988 Reenactment) § 15-5-16.1(b) provides that "[t]he assignment of property, if any, to be made shall precede the award of alimony, as the needs of each party shall be affected by the assignment." It is well settled in this jurisdiction that the assignment of marital assets is not based on need but rather on the partnership theory of marriage. *Van Duinwyk v. Van Duinwyk*, 511 A.2d 975, 977 (R.I.1986). Its purpose is to "provide a fair and just assignment of the marital assets." *Id.* (quoting *D'Agostino v. D'Agostino*, 463 A.2d 200, 203 (R.I.1983)). Division of marital assets rests within the sound discretion of the trial judge based upon consideration of all factors enumerated under the equitable-distribution statute. *Id.* The trial judge must take into consideration several factors in assigning marital property. The factors enunciated in § 15-5-16.1 are: "the length of the marriage, the conduct of the parties during the marriage, and the contribution of each of the parties in the acquisition, preservation, or appreciation in value of their respective estates, and the contribution and services of either party as a homemaker."

In the instant case the trial judge considered the factors in § 15–5–16.1 in assigning the marital property and clearly explained his findings before reaching the issue of alimony. A review of the record and the trial judge's decision persuades us that he complied with the mandate of the statute in making an equitable assignment of the property before reaching the issue of alimony.

We turn now to Daniel's sole contention on appeal, that the trial judge erred in awarding alimony to Joan. Awards of alimony require the trial judge to evaluate the evidence in view of the factors set forth in § 15–5–16.[1] The factors a trial judge must consider in determining the amount of alimony under the statute are: "the length of the marriage; the conduct of the parties during the marriage; the health, age, station, occupation, amount and source of income, vocational skills, and employability of the parties; and the state and the liabilities and needs of each of the parties." Section 15–5–16.

This court has stated that alimony is a "rehabilitative tool designed to provide economic support for a dependent spouse and is based upon need." *Ramsbottom v. Ramsbottom*, 542 A.2d 1098, 1100 (R.I.1988). We have also held that under certain circumstances, alimony for an indefinite period is proper as long as a trial judge properly considers all the factors set forth in the statute. *Perreault v. Perreault*, 540 A.2d 27, 30–31 (R.I.1988).

■ Initially we note that findings of fact by a trial judge in a divorce action will not be disturbed unless the judge misconceived the relevant evidence or was otherwise clearly wrong. *Id.* at 29. In the instant case the trial judge considered the statutory factors in determining that Joan was entitled to an award of alimony. As the Family Court trial judge noted, the parties were married for approximately twenty-two years at the time of the trial and while Joan displayed exemplary behavior during the marriage, Daniel withdrew from his family responsibilities, participated in an extramarital affair, and drank alcohol excessively. We believe all

these facts support an award of alimony to Joan. Her performance in the roles of caretaker and homemaker throughout the course of the marriage, as well as the role of wage earner in the initial years of the marriage, are particularly supportive of the alimony award. In light of the foregoing, we cannot say that the trial judge abused his discretion in awarding alimony.

■ We note that Daniel contends that the trial judge awarded permanent alimony in contradiction to Rhode Island case law and statutes because he found that Joan could become self-sustaining within five years. We reject this argument since the trial judge further found that her rehabilitation would not be complete in five years. The trial judge, having considered all the factors articulated in § 15–5–16, satisfied the statutory mandate.

■ As noted above, alimony for an indefinite period may be awarded as long as the trial judge considers all the factors set forth in the statute. We are persuaded that the trial judge did consider all of the statutory factors. We cannot say that he abused his discretion. Nor did he misconceive the evidence nor was he otherwise clearly wrong. However, we note that both Joan and Daniel are free to petition the Family Court for a modification in alimony should there be a substantial change in circumstance. *Perreault*, 540 A.2d at 31.

For these reasons the appeal is denied and dismissed. The order appealed from is affirmed. The papers of this case are remanded to the Family Court.

1. General Laws 1956 (1988 Reenactment) § 15–5–16 was amended by P.L.1993, ch. 78. The new version of the statute applies to cases filed on or after July 7, 1993. Because the instant case was filed in 1991 we use the earlier version in our analysis.