Sharon M. GUAY,

v.

Paul F. GUAY.

No. 97–31–A.

Supreme Court of Rhode Island.

June 13, 1997.

William A. Poore, Providence.

William Y. Chaika, Providence.

## ORDER

This matter is before the court on the appeal of defendant, Paul F. Guay, from a Family Court decision pending entry of final judgment of divorce. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure.

The defendant challenges the amount of alimony and child support awarded to plaintiff, Sharon M. Guay. The parties were married on July 14, 1984. Four children were born of the marriage, who now range in age from four to 11. The plaintiff filed a complaint for divorce based upon irreconcilable differences and defendant filed a counterclaim on the same grounds. A hearing was held before a Family Court justice. Since there was no allegation of fault by either party, the hearing focused upon the parties' financial assets and liabilities.

The decision pending entry of final judgment awards both parties joint custody of the children, with physical possession to plaintiff. The trial justice ordered defendant to pay child support, the children's private school tuition, and rehabilitative alimony for up to six months. Escrow funds were established from certain assets of the parties. From these funds, the plaintiff and defendant were to pay the mortgage on the marital domicile. The two parcels of real estate owned by the parties were ordered sold and the proceeds divided 55 percent to plaintiff and 45 percent to defendant.

On appeal, the defendant contends that the trial justice ordered him to pay alimony and child support beyond his means. It is well settled that findings of fact by a trial justice in a divorce action will not be disturbed unless the judge misconceived relevant evidence or was otherwise clearly wrong. *Wrobleski v. Wrobleski*, 653 A.2d 732 (R.I.1995). A review of the record in this case indicates that the trial justice based his decision on the parties' income/expense statements and drew conclusions as to the amounts each party could afford to pay for the numerous obligations outstanding. We find that the trial justice's decision was neither clearly wrong nor based upon a misconception of the relevant evidence.

The appeal is hereby denied and dismissed. The papers may be remanded to Family Court.