Angela LOVEGROVE

v.

Robert M. McCUTCHEON.

No. 97–415–A.

Supreme Court of Rhode Island.

Jan. 16, 1998.

Alan H. Perlman.

Carolyn R. Barone, Warwick.

### ORDER

This matter is here on the plaintiff's appeal from a Family Court order granting the defendant's motion to dismiss her complaint for divorce. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this matter without further briefing or argument.

The plaintiff challenges the trial justice's finding that a common-law marriage did not exist between her and the defendant. Plaintiff, Angela Lovegrove, filed a complaint for an absolute divorce on July 14, 1994. On November 4, 1994, the defendant filed a motion to dismiss the complaint for divorce, denying the existence of a common-law marriage. A hearing was held before a Family Court justice. At the conclusion of the hearing, the trial justice made thirty-six detailed findings of fact relative to the evidence adduced at trial. Pursuant to these findings, the trial justice found that the parties' conduct was not of such a character to lead to a belief in the community that they were married. He concluded that no common-law marriage existed.

On appeal, the plaintiff contends that the trial justice's factual findings are erroneous. She argues that there was an abundance of evidence proving the existence of a common-law marriage which the trial justice overlooked and/or misconceived.

It is well settled that the findings of fact by a trial justice in a divorce action will not be disturbed by this court unless the justice misconceived the relevant evidence or was otherwise clearly wrong. *Wrobleski v. Wrobleski*, 653 A.2d 732 (R.I.1995). A review of the record in this case indicates that the trial justice based his decision on the evidence presented at the hearing. The evidence revealed that although the parties resided together from 1980 until 1995, the plaintiff had consistently designated her marital status as "single" on employment applications. In addition, the parties resided in a home purchased by the defendant in his name alone. The evidence also revealed that the parties did not pool their assets, but contributed equally to the household expenses. The trial justice disregarded the plaintiff's testimony and that of her witnesses that there was a general reputation among friends and family members that the plaintiff and defendant were married.

We have carefully considered the record in this case and find that the trial justice's decision was neither clearly wrong nor based upon a misconception of the relevant evidence. Consequently, the plaintiff's appeal is denied and dismissed.

BOURCIER, J., did not participate.