Michael J. MALOUIN

v.

Deborah J. MALOUIN.

No. 97–623–A.

Supreme Court of Rhode Island.

Feb. 19, 1999.

James A. Bigos.

Anthony J. Cordeiro, Warwick.

## ORDER

The plaintiff, Michael J. Malouin, appeals from an interlocutory decision pending entry of final judgment in this divorce case. Following a prebriefing conference with counsel for the parties, this case was referred to the full Court at a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the appeal at this time without further briefing or argument.

Both the plaintiff and the defendant, Deborah J. Malouin, filed complaints for divorce in 1996. A trial was held in Family Court on March 24–26, 1997, following which the trial justice granted the divorce on the grounds of irreconcilable differences. On appeal, plaintiff takes issue with several of the justice's rulings regarding property and alimony. First, he claims that the court erred in placing the blame for the breakdown of the marriage on him, and assigning the parties' property based on that determination. Second, he claims that the trial justice erred in awarding alimony, because the court failed to properly consider defendant's earning potential or her award of 90 percent of the value of the marital residence. Finally, he claims that the trial justice erred in deferring the sale of the marital residence without first determining whether it was economically feasible for defendant to maintain the residence and to pay the related expenses.

"Division of marital assets rests within the sound discretion of the trial judge based upon consideration of all factors enumerated under the equitable-distribution statute." *Wrobleski v. Wrobleski,* 653 A.2d 732, 733 (R.I.1995). One of those statutory factors is the conduct of the parties during the marriage. The plaintiff claims that the trial justice unduly emphasized his conduct, particularly his participation in an extramarital affair, and did not place enough emphasis on the defendant's conduct. We do not agree. The trial justice reviewed all the evidence of both parties' conduct, and took that evidence into account in reaching her decision. Furthermore, conduct of the parties is only one of many factors to be considered, and our review of the record shows that the trial justice properly analyzed all of the required elements. "The factors considered should be viewed as a whole; it is unnecessary to lend controlling weight to any one factor." *Van Duinwyk v. Van Duinwyk,* 511 A.2d 975, 977 (R.I.1986)(citing *Rochefort v. Rochefort,* 494 A.2d 92 (R.I.1985)), The justice acted within her discretion in distributing the parties' marital assets.

Next, plaintiff claims that the trial justice erred in awarding rehabilitative alimony to defendant, because the justice failed to take into account the defendant's prior work experience or her share of the marital assets. Again, the record reveals that the justice fully considered the required statutory factors in deciding to award alimony. We cannot say that there was any abuse of discretion in the award.

Finally, the plaintiff asserts that the trial justice erred in deferring the sale of the marital residence. A trial justice may allow a temporary delay in the sale of the marital residence and grant temporary exclusive use of the home to the custodial parent "to minimize the adverse effect of divorce on the welfare of the children." G.L. 1956 § 15–5–16.1.1. The court must

first determine whether it is economically feasible to maintain payments on the home during the period of deferment. *Id.* The decision to grant or deny a deferment rests within the sound discretion of the court. *Id.* Contrary to plaintiff's claims, it is clear that the trial justice did review the economic feasibility of deferring the sale. She noted that any financial problems defendant had encountered in paying the real estate taxes and other expenses could be attributed to plaintiff's failure to make court-ordered payments. The justice determined that plaintiff's arguments on this issue were irrational and specious at best. We agree. Under the circumstances presented in this case, we can find no abuse of discretion in the trial justice's decision.

We conclude that the trial justice properly considered the requisite factors in making her decision, and did not abuse her discretion in any part of that decision. Accordingly, we deny and dismiss the appeal, and remand the papers to the Family Court.